Hillsborough, }
April 7, 1903. }

PETTENGILL v. AMHERST.

In the absence of a contract, a town is not liable for medical attendance upon persons quarantined by order of the board of health during the prevalence of a contagious disease.

ASSUMPSIT, to recover for services as a physician. Facts agreed, and case transferred from the May term, 1902, of the superior court by *Peaslee*, J.

February 25, 1899, the plaintiff was employed by one Owen to attend a case of scarlet fever in his family. The board of health of the town of Amherst was notified February 28, and quarantined the house. A part of the family was moved to another house by the physician without any suggestion from the board of health.

March 22, another case broke out in the other house, and that house was also quarantined. The plaintiff finished his services April 12, and the house was fumigated April 25. The board of health paid for some groceries and other articles furnished to Owen and his family, but these were all ordered and contracted for by the board. The board knew that the plaintiff was attending the parties, and did not object, or furnish any other medical attendance. Upon these facts a verdict was found for the defendants, and the plaintiff excepted.

*Doyle & Lucier*, for the plaintiff.

*Brown, Jones & Warren* and *Allan M. Wilson*, for the defendants.

WALKER, J. The verdict establishes the fact that the plaintiff's services were not rendered at the request of the town, or under any contract with it therefor. The board of health did not employ the plaintiff, or attempt, as a statutory agent of the town, to pledge its credit for the plaintiff's services rendered to Owen. The board did not deem it "wise or necessary" (Laws 1899, *c.* 100, *s.* 1) to employ the plaintiff in this case at the expense of the town. Whether there was a moral obligation, under the circumstances, resting upon the board and the town to provide Owen with medical attendance during the confinement of his family in quarantine, is immaterial in this action. The town could only be liable upon a legal contract, which the case shows did not exist. *French* v. *Benton*, 44 N. H. 28; *Buxton* v. *Chesterfield*, 60 N. H. 357, 360.

*Exception overruled.*

All concurred.